## Case No. 15,666.

### UNITED STATES v. McDANIEL.

[4 Cranch, C. C. 721.] [1]

Circuit Court, District of Columbia. March Term, 1836.

#### LARCENY OF BANK NOTE—INDICTMENT.

In an indictment under the penitentiary act for the District of Columbia (section 9) for stealing a bank-note, it is not necessary to state that it is a bank-note "for the payment" of money or other valuable thing.

[Cited in Arnold v. State, 52 Ind. 285.]

The indictment charged the defendant [George McDaniel] with stealing "one bank-note of the Union Bank of Georgetown, to the amount of five dollars, and of the value of five dollars; one bank-note of the Union Bank of Georgetown, to the amount of ten dollars, and of the value of ten dollars, &c., stating several others, in like terms. The defendant, having been found guilty, moved, in arrest of judgment, by his counsel, Mr. Brent and Mr. Bradley, because, in the indictment, it is not averred that the bank-notes were "for the payment of money or other valuable thing." By the 9th section of the penitentiary act for the District of Columbia of March 2, 1831, it is enacted: "That every person convicted of feloniously stealing, taking, and carrying away any goods or chattels, or other personal property of the value of five dollars, or upwards, or any bank-note, promissory note, or other instrument of writing, for the payment or delivery of money, or other valuable thing, to the amount of five dollars or upwards, shall be sentenced to suffer imprisonment and labor," &c.

The defendant's counsel cited 3 Chit. 973a, 974; Starkie, Cr. Pl.; U. S. v. Barry (in this court, at November term, 1835 [Case No. 14,-530]).

THE COURT (CRANCH, Chief Judge, doubting,) refused to arrest the judgment, being of opinion that the averment that it was a bank-note of the Union Bank of Georgetown, to the amount of ten dollars, of the value of ten dollars, was sufficient, and that it was not necessary to aver it to be a bank-note "for the payment of money to the amount of ten dollars."

Verdict, "Guilty."

THE COURT sentenced the defendant to three years' imprisonment and labor in the penitentiary, but he was pardoned by the president of the United States.

---

1 [Reported by Hon. William Cranch, Chief Judge.]